## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

SHERRI LITTLE,                           )
                                         )
      Movant,                            )
                                         )
v.                                       )          **CIVIL ACTION NO. 2:16-09792**
                                         )          **(Criminal No. 2:15-00044)**
UNITED STATES OF AMERICA,                )
                                         )
      Respondent.                        )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 90).[1] By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 91.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A    Criminal Action No. 2:15-00044:**

On April 23, 2014, Movant pled guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count Nine). (Criminal Action No. 2:15-00044, Document Nos. 38, 40, 41.) A Presentence Investigation Report was prepared. (Id., Document No. 81.) The District Court determined that Movant had a Base Offense Level of 24, and a Total Offense Level of 24, the Court having applied the following: A two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm; and A two-level reduction pursuant to U.S.S.G. § 3B1.2(b) for being a minor participant in the criminal activity. (Id., Document Nos.

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

81 and 83.) The District Court sentenced Movant on December 17, 2015, to a 40-month term of imprisonment to be followed by a three year term of supervised release.[2] (Id., Document Nos. 80 and 82.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.[3]

## B.    Section 2255 Motion:

On October 17, 2016, Movant filed her first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 2:16-09792, Document No. 90.) Citing Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), Movant challenges the validity of her sentence. (Id.) Specifically, Movant asserts that Johnson invalidated her two-point enhancement for possession of a firearm in further of a drug crime. (Id.) Movant further argues that her sentencing enhancement violated her Sixth

_____

[2] The District Court imposed a sentence below the advisory Guideline range based upon the lack of evidence that Movant engaged in any violence. (Criminal Action No. 2:15-cr-00044, Document No. 83.)

[3] The Bureau of Prison's Inmate Locator indicates that Movant was released from custody on June 14, 2018. A case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the United States Constitution. *Lewis v. Continental Bank Corp.*, 494 U.S. at 477 - 478, 110 S.Ct. at 1253 - 1254. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). The Movant's Motion continues to be viable therefore while he is on supervised release. *Smith v. United States*, 2009 WL 2213480, *1 (S.D.W.Va.)(J. Goodwin). When a change occurs, however, which eliminates a Section 2255 Movant's interest in the outcome or need for the requested relief, the case becomes moot. *Hurt v. United States*, 2009 WL 36491, *3 (S.D.W.Va.)(J. Faber). The termination or expiration of the term of supervised release and complete discharge of the sentence is such a change. *Id.* In the instant case, Movant is still serving her term of supervised release. Therefore, the undersigned finds that Movant's Section 2255 is not moot. *See United States v. Johnson*, 729 Fed.Appx. 229, 230 (4th Cir. March 30, 2018)("[W]e hold that Johnson's release does not render this appeal moot as he remains on supervised release, and the district court may, in its discretion, alter any aspect of a defendant's otherwise statutory mandated sentence, including supervised release terms, should it find [Section 2255] relief warranted.")

Amendment rights. (Id.) Specifically, Movant argues that her sentence was enhanced based upon the possession of a firearm, but she was "never proved to be guilty in a court of law." (Id.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v.

United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

**A.    Johnson Claim:**

In the instant case, Movant argues that she is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to*

4

*another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that she was sentenced under the ACCA. Movant was convicted and sentenced under 21 U.S.C. § 841(a)(1) and (b)(1)(C) and her sentence was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1). Movant argues that Johnson should be extended to her sentencing enhancement under the Guidelines. Movant's sentence, however, was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Unlike U.S.S.G. § 4B1.1 that contained a "residual clause" textually identical to the "residual clause" of the ACCA, U.S.S.G. § 2D1.1(b)(1) does not contain such a "residual clause." Movant's sentencing enhancement was not dependent upon whether she was convicted of a "violent felony" or "crime of violence," but upon whether she possessed a firearm in furtherance of the crime.[4] Thus, Johnson is inapplicable to Movant's circumstances as neither Section 841(a)(1) and (b)(1) nor

---

[4] Furthermore, the issue concerning whether *Johnson* applies to the Guidelines has now been specifically addressed by the United States Supreme Court. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of *Johnson*. *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." Id. The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. *Id.* Accordingly, Movant's argument that the holding of *Johnson* extends to her sentencing enhancement under the Guidelines is without merit.

5

U.S.S.G. § 2D1.1(b)(1) are dependent upon any "residual clause" subject to a <u>Johnson</u> type challenge.

**B.     <u>Constitutionality of Movant's Sentence</u>:**

By asserting that her sentence is improperly based upon facts found by the District Court and not by a jury, Movant is claiming that her sentence is unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005).

In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490, 120 S.Ct. at 2362-63. In <u>Blakely</u>, the Supreme Court reaffirmed the Court's holding in <u>Apprendi</u> and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[5] <u>Blakely</u>, 542 U.S. at 303, 124 S.Ct. at 2537. In <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court applied the holding in <u>Blakely</u> to the Federal Sentencing Guidelines and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty

---

[5] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756.

In the instant case, the statutory maximum which the District Court could impose in view of Movant's plea of guilty was twenty years in prison. Movant's 40-month sentence does not exceed the maximum penalty authorized in view of her plea of guilty. Accordingly, Movant cannot claim an entitlement to relief under Apprendi and Blakely. See Rita v. United States, 551 U.S. 338, 352, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)("Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008)(a sentencing court may consider and find facts by a preponderance of the evidence as long as those facts do not increase a sentence beyond the statutory maximum); United States v. Johnson, 539 Fed.Appx. 222, 223 (4th Cir. 2013)(rejecting movant's argument that his right to a jury trial was violated by the district court's judicial fact-finding at sentencing where movant was sentenced to the statutory maximum and none of the enhancements resulted in a sentence greater than that authorized by his guilty plea.) Accordingly, the undersigned finds that Movant's above claim is without merit.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 90) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: March 19, 2019.

Omar J. Aboulhosn
United States Magistrate Judge

8